UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ANN DAGRO,

                            Plaintiff,

    v.                                                                             5:03-CV- 01069

CORNELL UNIVERSITY; HARRIET INK;
SCOTT SCHOONOVER,

                            Defendants,
_____

APPEARANCES:                                                   OF COUNSEL:

ANN DAGRO
Plaintiff *pro se*
200 West South Street
Apt. D-9
Groton, NY 13073

OFFICE OF UNIVERSITY COUNSEL            NELSON E. ROTH, ESQ.
Attorney for Defendants
Cornell University
300 CCC Building
Garden Avenue
Ithaca, NY 14853

HOWARD G. MUNSON, SR. J.
_____

MEMORANDUM DECISION AND ORDER

       Currently before the Court is defendants' Motion to Dismiss. For the following reasons, the Court GRANTS defendants' Motion to Dismiss.

       Northern District of New York Local Rule 7(1)(4)(B)(1) provides that a party opposing a dispositive motion has 17 days to file opposing papers to the motion. Furthermore, Rule 7.1 - Failure to Comply, states:

> The Court shall not consider any papers required by this Rule that are not timely filed or are otherwise not in compliance with this Rule unless good cause is shown. Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate the relief requested therein, the non-moving party's failure to file or serve any papers as this Rule requires shall be deemed as consent

to the granting or denial of the motion, as the case may be, unless good cause is shown.

These Rules are a docket-management tool that facilitates efficient and effective resolution of motions by requiring the prompt joining of issues. <u>Fox v. American Airlines, Inc.</u>, 389 F.3d 1291, 1294 (D.C.Cir.2004). In <u>Fox</u>, the D.C. Circuit affirmed the District Court's holding that "because the plaintiffs failed to respond to the defendant's ... motion, the court treats the motion as conceded and grants the motion." <u>Id</u>. Whether to treat the motion as conceded under the Local Rules is highly discretionary, and it has been noted that "where the district court relies on the absence of a response as a basis for treating the motion as conceded, its enforcement of the rule should be honored. <u>Twelve John Does v. District of Columbia</u>, 117 F.3d 571, 577 (D.C.Cir.1997). In light of the fact that plaintiff failed to file any opposition to defendants' Motion to Dismiss, even when this Court issued an Order requiring the *pro se* plaintiff to do so, or face the consequences of it being treated as conceded (see Dkt. 23), and no good cause being shown that would excuse non-compliance therewith by plaintiff, the Court will treat defendants' motion as conceded. LR 7.1, 3. Therefore, in light of the plaintiff's concession, and based on a review of the pleadings, the relevant law cited therein, and the record, the Court finds in favor of the defendants and GRANTS defendants' Motion to Dismiss.

IT IS SO ORDERED

Dated: May 24, 2007
Syracuse, New York

_____
Howard G. Munson
Senior U.S. District Judge